UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDRIC GREENE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>U.S. DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA,<br><br>                    Defendant. | 24-CV-2278 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Los Angeles, California, brings this *pro se* action against the United States District Court for the Northern District of California, alleging misconduct with respect to an action that Plaintiff filed in that court. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of California.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to his claims occurred in the United States District Court for the Northern District of California. (ECF No. 1 at 3.) He does not name any individual Defendants, only asserting that the alleged events giving rise to his claims occurred in that court. Because the alleged events occurred in the Northern District of California, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b) (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in the Northern District of California. *See* 28 U.S.C. § 84(a). Accordingly, venue lies in the Northern District of California, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of California, 28 U.S.C. § 1406(a).

## LITIGATON HISTORY

In an action that Plaintiff filed in the United States Court of Federal Claims on October 16, 2023, that court noted that Plaintiff had "filed more than three hundred cases in other federal courts," many of which had been found to be "frivolous, malicious, or vexatious," and held that his "abuse of the judicial system precludes him from proceeding [*in forma pauperis*] in this Court," though he could pay the full filing fee to bring a new action in the Court of Claims. *See Greene v. United States,* No. 23-CV-1821 (MRS) (Ct. Cl. Jan. 29, 2024) That court further noted that several of Plaintiff's prior suits, which arose from claims of lost birthday cards or other mail, had been dismissed as frivolous, and that in one such suit he was sanctioned for vexatious litigation. *Id.* (Order at 6 (citing *Greene v. United States Postal Serv.*, No. 3:20-CV-1172, 2020 WL 3452279 (N.D. Tex. June 24, 2020)).

Accordingly, Plaintiff is warned that filing frivolous, vexatious, or nonmeritorous litigation in this court may result in an order barring him from filing new actions in this court unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

Plaintiff is warned that filing frivolous, vexatious, or nonmeritorous litigation in this court may result in an order barring him from filing new actions in this court unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 27, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge